UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

VINCENT C. LEWIS,

        Petitioner,

v.                                        Case No. 05-C-0504

GREG GRAMS,

        Respondent.

**ORDER**

On May 2, 2005, Vincent C. Lewis filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. Petitioner was convicted in Milwaukee County Circuit Court of first-degree intentional homicide, armed robbery, and burglary and was sentenced to life plus fifty years imprisonment. He is currently incarcerated at Columbia Correctional Institution.

I must give the case prompt initial consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified. Otherwise the judge shall order the respondent to file an answer.

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

This court may grant a habeas petition only if the petitioner demonstrates that the adjudication of his case in state court

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1). A state court decision is "contrary to" established Supreme Court precedent when the court applies a rule different from governing Supreme Court cases or confronts a set of facts that is materially indistinguishable from those of a Supreme Court decision and arrives at a different conclusion. *Williams v. Taylor,* 529 U.S. 362 (2000). If the case involves an "unreasonable application" of Supreme Court precedent, this court must defer to reasonable state court decisions and cannot grant the writ unless the state court's decision was objectively unreasonable. *Bell v. Cone*, 535 U.S. 685, 694 (2002).

The Supreme Court has been less than clear in its discussion of when an application of its precedent is objectively unreasonable. An unreasonable application of federal law, the Court has said, is not the same as one that is, in the view of the reviewing court, incorrect. *Id.* Nor is an unreasonable application one that reasonable jurists would all necessarily agree is unreasonable. *Williams*, 529 U.S. at 409. To meet the unreasonable application standard, the decision of the state court must be more than clearly erroneous, *Lockyer v. Andrade*, 538 U.S. 63, 75-6 (2003); it must fall "well outside the boundaries of permissible differences of opinion." *Hardaway v. Young*, 302 F.3d 757, 762 (7th Cir. 2002).

2

Case 1:05-cv-00504-WCG   Filed 05/20/05   Page 2 of 8   Document 7

Petitioner states four grounds for relief in his petition. The fourth is incoherent, but the first three, construed liberally, all fall under the rubric of ineffective assistance of counsel. Ineffective assistance of counsel is clearly a constitutional ground for habeas relief under *Strickland v. Washington*, 466 U.S. 668 (1984). In order to prevail on an ineffective assistance claim, however, a petitioner must establish not only that counsel's representation was deficient, i.e., that it fell below an objective standard of reasonableness, but also that he was prejudiced as a result. *Id.* at 687. Each of petitioner's arguments fails to establish one or both of these requisites.

Petitioner argues that trial and appellate counsel were ineffective for failing to review a police report that showed that a second hammer was taken from a different location following the removal of a hammer from his girlfriend's house. Neither in his petition nor in the supporting brief does petitioner explain what relevance the second hammer might have had to his trial. As the Wisconsin Court of Appeals noted in dismissing petitioner's state habeas petition, petitioner confessed to killing the victim with a pipe. *State of Wisconsin ex rel. Vincent Craig Lewis v. Kingston*, No. 04-1441-W, slip op. at 5 (Wis. Ct. App. Sept. 9, 2004). Any failure to investigate the second hammer was therefore non-prejudicial.

Petitioner next argues that trial and appellate counsel were ineffective for failing to challenge the legality of his warrantless arrest. With respect to appellate counsel, the argument lacks a factual basis, because appellate counsel did raise the argument (which the Wisconsin Court of Appeals then rejected). *State of Wisconsin v. Lewis*, No. 02-2285-CR, slip op. ¶ 16 (Wis. Ct. App. April 22, 2003). Petitioner correctly notes that a warrantless arrest must be supported by probable cause. *United States v. Covarrubias*, 65 F.3d 1362, 1368 (7th Cir. 1995). Probable cause exists if, at the time of arrest, facts and circumstances within arresting officer's knowledge and of which officer has

3

reasonably trustworthy information would warrant a prudent person in believing that suspect had committed or was committing an offense. *Anderer v. Jones*, 385 F.3d 1043, 1049 (7th Cir. 2004). Petitioner claims that he was arrested two days after the police had been told that he appeared at Valetta Campbell's residence bearing property stolen from the scene of the crime. This fact, along with the fact that Lewis made a call on the victim's cellular phone, clearly establishes probable cause for petitioner's arrest. *Lewis*, No. 02-2285-CR, slip op. ¶ 16. Petitioner argues that two days was long enough for the police to obtain a warrant, but he cites no case, much less clearly established federal law as determined by the Supreme Court, supporting the proposition that a warrantless arrest on probable cause is nonetheless illegal if the police had time to obtain a warrant.

Petitioner finally argues that trial counsel was ineffective for failing to request a felony-murder instruction. The Wisconsin Court of Appeals held that "there was no basis for a felony-murder instruction to be given to the jury." *Lewis*, No. 02-2285-CR, slip op. ¶ 10. That decision is not reviewable by this court. *Estelle v. McGuire*, 502 U.S. 62, 67-8 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) ("[F]ederal habeas corpus relief does not lie for errors of state law."). And counsel cannot be ineffective for failing to request a jury instruction that would not have been given. *Rodriguez v. United States*, 286 F.3d 972, 986 (7th Cir. 2002).

Perusal of petitioner's brief reveals several other putative grounds for relief not stated in the petition. Petitioner claims that trial counsel was ineffective for failing to object to the admission of a bloodstained hammer at trial, because there was no proof that the blood on the hammer was the victim's. The Wisconsin Court of Appeals held that any such failure was non-prejudicial because an adequate foundation existed for admission of the hammer. *Lewis*, No. 02-2285-CR, slip op. ¶ 15.

4

Even if that court's assessment of the foundation was incorrect, errors of state law, such as improper admission of evidence, do not support a federal writ of habeas corpus. *Gonzalez v. DeTella*, 127 F.3d 619, 621 (7th Cir. 1997).

Petitioner argues that trial counsel was ineffective for failing to raise a state-of-mind defense. Petitioner claims that he was drunk and high at the time of the homicide and that it was the anniversary of his mother's death. As the Wisconsin Court of Appeals said, however, petitioner "has shown nothing to support this claim and there is nothing in the record to suggest that presenting these facts would have resulted in a different outcome." *Lewis*, No. 02-2285-CR, slip op. ¶ 7.

Petitioner claims that trial counsel was ineffective for failure to object to the trial court's instruction on the "while armed" element of first-degree homicide. The jury found that petitioner committed first-degree homicide while armed, which permitted the trial court to apply a five-year sentence enhancer. *Wis. Stat.* § 939.63(1)(b). However, the trial court did not enhance petitioner's sentence. *Lewis*, No. 02-2285-CR, slip op. ¶ 22. Accordingly, petitioner has failed to show prejudice.

Petitioner claims that his confession was involuntary because he was never informed of his rights as required by *Miranda v. Arizona*, 384 U.S. 436 (1966). There is ample evidence, not controverted, that petitioner was informed of his *Miranda* rights before he confessed. The police report states that petitioner confessed "after being advised of his *Miranda* rights." (Ex. A at 4.) Likewise, Det. Eric Moore testified that he read petitioner his *Miranda* rights before he confessed. (Ex. B at 27.) Petitioner contends that he confessed during a second interrogation, after the first (*Miranda*-ized) interrogation terminated. In some cases, the delay between a first interrogation and

5

a second interrogation may require that a suspect be re-informed of his *Miranda* rights. *See, e.g., United States ex rel. Patton v. Thieret*, 791 U.S. 543, at 547-8 (7th Cir. 1986) ("The lapse of time between administration of the *Miranda* warnings and the suspect's statement is one of the factors to consider in determining the validity of a waiver of Miranda rights."). Petitioner's first interrogation began at 10:15 PM (Ex. B at 27), and his confession occurred at 12:40 AM, 2 hours and 25 minutes later. (Br. at 24.) Such a short period does not require a second *Miranda* warning. *See United States ex rel. Henne v. Fike*, 563 F.2d 809, 814 (7th Cir. 1977) (holding that nine hours between warning and statement did not require second warning), *cert. denied*, 434 U.S. 1072 (1978); *see also Stumes v. Solem*, 752 F.2d 317, 320 (8th Cir. 1985) (holding that five hours between warning and statement did not require second warning), *cert. denied*, 471 U.S. 1067 (1985).

Petitioner argues that his confession was involuntary, even if it occurred after he received *Miranda* warnings. He argues that his appellate counsel was ineffective for failure to challenge the trial court's ruling to the contrary. This latter argument grossly misstates the facts. Appellate counsel did argue that the trial court had erred in finding that petitioner's confession was voluntary, and the Wisconsin Court of Appeals, after extensive discussion, rejected the argument because the trial court's finding was supported by abundant evidence. *Lewis*, No. 02-2285-CR, slip op. ¶¶ 23-30. Because appellate counsel raised the argument, and because nothing in petitioner's brief refutes the Wisconsin Court of Appeals' conclusion that petitioner's confession was voluntary, this claim fails.

Petitioner argues in his brief that he should have been given an evidentiary hearing to support his ineffective assistance claim. Petitioner has not even provided a vague outline of what

6

evidence he thinks would have come to light at such a hearing. Accordingly, he has not established an entitlement to such a hearing.

Petitioner filed with his petition an application for leave to proceed *in forma pauperis*. He also, however, has submitted the $5 filing fee. Because he paid the filing fee, his request to proceed *in forma pauperis* will be denied as moot.

Petitioner also filed a request for a certificate of appealability, which would enable him to appeal my denial of his petition for a writ of habeas corpus. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b); *Slack v. McDaniel*, 529 U.S. 473, 481-82 (2000). No notice of appeal has yet been filed, however.

The certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack*, 529 U.S. at 484 (internal quotation marks omitted) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Where a district court has rejected a petitioner's constitutional claims on the merits, "the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484.

For the reasons set forth above, petitioner has not made a substantial showing of the denial of any constitutional right. I do not believe jurists of reason would differ as to any of the issues

7

presented in this case and I do not believe these issues should proceed further. Accordingly, I decline to issue the certificate of appealability.

**THEREFORE, IT IS ORDERED** that this petition is summarily **DISMISSED** pursuant to Rule 4 of the Rules Governing § 2254 Cases.

**FURTHER, IT IS ORDERED** that petitioner's request for leave to proceed *in forma pauperis* is **DENIED** as moot.

**FINALLY, IT IS ORDERED** that petitioner's request for a certificate of appealability is hereby **DENIED.**

Dated this  20th  day of May, 2005.

s/ William C. Griesbach
William C. Griesbach
United States District Judge