UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

VINCENT C. LEWIS,

        Petitioner,

  v.                                                    Case No. 05-C-0504
                                                       Appeal No.

GREG GRAMS,

        Respondent.

**ORDER**

On July 20, 2005, habeas petitioner Vincent C. Lewis filed a notice of appeal of my dismissal of his case and a request for a certificate of appealability. On July 22, 2005, he added a petition for leave to proceed on appeal *in forma pauperis*.

**I. CERTIFICATE OF APPEALABILITY**

Before a habeas petitioner may take an appeal to the Seventh Circuit, I must consider whether to grant him a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b); *Slack v. McDaniel*, 529 U.S. 473, 481-82 (2000).

The certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were

adequate to deserve encouragement to proceed further." *Slack*, 529 U.S. at 484 (internal quotation marks omitted) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). If the court issues a certificate of appealability it must indicate on which specific issue or issues the petitioner has satisfied the "substantial showing" requirement. 28 U.S.C. § 2253(c)(3). Where a district court has rejected a petitioner's constitutional claims on the merits, "the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484.

After concluding that each and every issue raised in the petition lacked merit, the court dismissed the petition pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified. Otherwise the judge shall order the respondent to file an answer.

Rule 4, Rules Governing § 2254 Cases. For the reasons stated in its Order of May 20, 2005, the court believes that the constitutional issues raised by the petition lack merit, and that their lack of merit is not debatable amongst reasonable jurists.

Petitioner's request for a certificate of appealability raises one interesting question, however: whether the court correctly concluded that it "plainly appear[ed] from the face of the petition and [the] exhibits that petitioner was not entitled to relief," and thus whether the petition was appropriate for "summary dismissal." The court does not believe that where the petitioner has filed a full brief and exhibits (including the decisions of the Wisconsin courts on petitioner's appeal, a partial transcript of petitioner's *Goodchild* hearing, and an investigative report from the Milwaukee Police Department) in support of his petition, and when that brief and those exhibits reveal no basis

2

for granting the petition, the court is obliged to order service of the petition and a response by the respondent. However, as argued by petitioner in his request for a certificate of appealability, it is conceivable that reasonable jurists might conclude that a fair assessment of petitioner's claim could not be made without ordering respondent to file an answer and to produce the entire record in petitioner's case. Accordingly, the court will grant a certificate of appealability on that issue.

## II. REQUEST FOR IFP STATUS ON APPEAL

Petitioner also requests *in forma pauperis* status so that he may avoid paying the appellate filing fee of $255. Petitioner was not *in forma pauperis* at the district court level because he paid the $5 filing fee in this court. The increase in price makes the current request understandable.

Title 28 U.S.C. § 1915(a)(1) authorizes the commencement of an appeal without prepayment of fees by a person who submits an affidavit that includes a statement of all assets he possesses and that he is unable to pay such fees. Section 1915(a)(3) adds that an appeal may not be taken *in forma pauperis* if the district court certifies in writing that the appeal is not taken in good faith. "Good faith" is an objective standard. *Coppedge v. United States*, 369 U.S. 438, 446 (1962); *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000). An appeal is taken in "good faith" if it seeks review of any issue that is not clearly frivolous, *Coppedge*, 369 U.S. at 446; *Lee*, 209 F.3d at 1026, meaning that a reasonable person could suppose it to have at least some legal merit, *Lee*, 209 F.3d at 1026; *Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983). The existence of any nonfrivolous issue on appeal is sufficient to require the court to grant the petition for leave to proceed *in forma pauperis*. *Dixon v. Pitchford*, 843 F.2d 268, 270 (7th Cir. 1988).

3

In this case, it appears that petitioner's arguments are not so baseless that they would be dismissed as frivolous without further consideration. As a result, as far as § 1915(a)(3) is concerned he should be allowed to proceed.

Poverty is another matter, however. Petitioner has filed a certified copy of his prison trust account statement. Perusal of that statement shows that petitioner has $500.00 in his release account as well as $63.13 in his regular account. Petitioner earns between $120.00 and $180.00 per month. 25% of this amount goes to pay restitution to the family of his victim. The remainder appears to be at petitioner's disposal for discretionary expenses such as commissary and mail order purchases. In light of the fact that petitioner will serve a sentence of life plus fifty years unless his petition is granted, the court deems it appropriate to require payment of the appeal filing fee from petitioner's release account. *See Spence v. McCaughtry*, 46 F. Supp. 2d 861 (E.D. Wis. 1999). The request for *in forma pauperis* status will therefore be denied, and petitioner will be required to pay the full $255 appellate filing fee. Petitioner is cautioned that this payment must be made to the clerk of the *district* court for the Eastern District of Wisconsin; the clerk of the district court receives the appellate fee on behalf of the court of appeals. Fed. R. App. P. 3(e). Petitioner is advised that if he believes this decision is in error, he may apply directly to the Seventh Circuit for *in forma pauperis* status on appeal within 30 days of this order, pursuant to Fed. R. App. P. 24(a)(5).

### III. CONCLUSION

**THEREFORE, IT IS ORDERED** that petitioner's request for a certificate of appealability is **GRANTED.**

4

I certify that the appeal has been taken in good faith on the issue of whether the court appropriately dismissed the petition for a writ of habeas corpus pursuant to Rule 4 of the Rules Governing § 2254 Cases.

**IT IS FURTHER ORDERED** that petitioner's request for *in forma pauperis* status on appeal is **DENIED.** Petitioner must pay the $255 appeal filing fee to the Clerk of the District Court within twenty-one days of the date of this order.

A copy of this order will be sent by my clerk to the Attorney General for the State of Wisconsin, c/o Gregory M. Weber, Assistant Attorney General, P.O. Box 7857, Madison, WI 53707; and to Gino J. Agnello, Circuit Clerk for the Seventh Circuit, United States Courthouse, 219 South Dearborn Street, Chicago, IL 60604.

Dated this 2nd day of August, 2005.

                                                  s/ William C. Griesbach
                                                  William C. Griesbach
                                                  United States District Judge